## In re JUDKINS.

(Supreme Court, Appellate Division, Third Department. May 6, 1908.)

INTOXICATING LIQUORS—LICENSES — REVOCATION OF CERTIFICATE — JUDICIAL PROCEEDINGS—RETURN OF ORDER TO SHOW CAUSE—RETURN BEFORE JUSTICE.

Liquor Tax Law, Laws 1896, p. 69, c. 112, § 28, as amended by Laws 1906, p. 574, c. 272, provides that a petition to revoke a liquor tax certificate may be made to a justice of the Supreme Court, a Special Term, or to the county judge of the county, and the justice, judge, or Special Term shall grant an order to show cause returnable before him or before a Special Term. In proceedings to revoke a liquor tax certificate, the order to show cause required respondent to show cause at a regular term of the Supreme Court to be held at the courthouse on the 10th of February, and the justice began a regular trial and Special Term of the Supreme Court on February 3d, and respondent appeared specially, and objected that there was no Special Term at which the motion could be heard, and, as the moving papers showed no cause why the motion could not be heard on the first day of the term, General Rules of Practice, rule 21, prevented a motion from being made upon any other day of the Special Term, but the justice held that the order was returnable before him, and not before the Special Term, and made the order. Held, that, while the order to show cause was somewhat ambiguous, the naming of the term could be considered merely as stating where the justice could be found, and not that it was returnable at a Special Term, and respondent not being prejudiced by the irregularity, and being informed upon his appearance

that the order was returnable before the justice, the action of the justice
in treating the order as returnable before him was not reversible.

Smith, P. J., and Sewell, J., dissenting.

Appeal from Special Term, Fulton County.

In the matter of the petition of Charles O. Judkins for an order
revoking and canceling liquor tax certificate 20,383, issued to
James Bradley. From an order of the Special Term denying a
motion to vacate an order revoking the certificate, the certificate
holder appeals. Order affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG,
COCHRANE, and SEWELL, JJ.

C. R. Patterson, for appellant.

Beecher S. Clother (T. D. Trumbull, Jr., of counsel), for re-
spondent.

JOHN M. KELLOGG, J. The order canceling the certificate
was properly made by the justice out of court. Under section
28 of the liquor tax law (chapter 112, p. 69, Laws 1896, as amended
by chapter 272, p. 574, Laws 1906), a petition to revoke such a
certificate may be made to a justice of the Supreme Court, a Spe-
cial Term, or to the county judge of the county, and the justice,
judge, or Special Term shall grant an order to show cause re-
turnable before him or before a Special Term. The petition was
addressed to the justice, and not to the Special Term. The jus-
tice began a regular trial and special term of the Supreme Court
at Ballston February 3d, which was in session February 5th, the
day when the order was granted, and February 10th, the day upon
which it was returnable. The order required the respondent to
show cause at a regular term of the Supreme Court, to be held
at the courthouse in the village of Ballston, N. Y., on the 10th
day of February, 1908, at 10 o'clock in the forenoon, or as soon
thereafter as counsel can be heard. A copy of the petition was
served with the order to show cause. At the time when the or-
der was returnable, the appellant appeared specially, and raised
the objection that there was no Special Term then in session at
which the motion could be heard. As the moving papers show
no cause why the motion could not have been made on the first
day of the term, rule 21 of the General Rules of Practice pre-
vented a motion from being made upon any other day of the Spe-
cial Term. The justice held that the order was returnable before
him, and not before the Special Term, and required the proceed-
ings to continue. Thereupon the respondent withdrew, and the
justice proceeded to hear the matter and make the order.

The order to show cause does not purport to be made return-
able at a Special Term, but at a regular term of court. Under
the statute, it must be returnable either at a Special Term or be-
fore the justice. It was therefore somewhat ambiguous upon its
face. I think, however, from the fact that the justice who made
the order was holding a Trial Term at the place where it was re-
turnable, we may consider the naming of the term as an indication

merely of the place where the justice would hear the motion; that is, at the courthouse, and at the place in the courthouse where the regular term of court was then in session. If the order had required the relator to show cause at the courthouse, not stating that he was to appear before the justice or a Special Term, so long as the justice was at the courthouse, and there was no Special Term at which the order could be returnable, he would be justified in overruling the objection and in treating the order as returnable before him as justice. The respondent has been in no way prejudiced by the irregularity in the order to show cause. Upon his appearance, he was definitely informed that the order was returnable before the justice, and that the inquiry must proceed.

· The other questions raised upon the argument have been considered, and no reason is found for interfering with the order made. It should therefore be affirmed, with costs.

Order affirmed with costs. All concur, except SMITH, P. J., dissenting in an opinion in which SEWELL, J., concurs.

SMITH, P. J. (dissenting). The defendant had a property right which could only be taken from him by due process of law. The order to show cause was made returnable "at a regular term of the Supreme Court" to be held at Ballston. Defendant's attorney appeared specially, and objected to the regularity of the court. His contention was upheld. But the judge presiding holding that there was no regular term of court at which the motion could be heard assumed to entertain the motion as one made returnable before him as a judge. The authority of defendant's counsel had ceased, and he withdrew. The order appealed from is one made on defendant's default by a judge of the court on an order to show cause returnable at a regular term of the court. This is not "due process of law."